## Brown v. Brown

*Lee Friday*, for libellant.

SHANAMAN, J., October 9, 1942.—Troy McLendon Brown filed libel in divorce against respondent, Helen R. Brown. Service was by publication. On a master's

recommendation of divorce, the case is before us for final decree. Libellant has filed his affidavit that "Helen R. Brown, respondent, is not in the military service." The Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, sec. 200, 50 U. S. C. §520, provides that plaintiff, before judgment may be entered, shall file in the court "an affidavit setting forth facts showing that the defendant is not in military service." In the present case the testimony taken before the master shows that respondent is 23 years of age, that since September 7, 1940, libellant has lived in Reading, Pa., and that respondent, since the date of the separation, April 3, 1939, has lived in Sedalia, Union County, South Carolina, Route No. 1.

In Melotti v. Melotti, 44 D. & C. 514, 516, the court said:

"The simple ipse dixit of libellant that respondent is not in such service cannot be held to set forth facts upon which the ultimate purpose of the affidavit may be safely rested. The bare averment that respondent is not in the military service is not supported by any statements of fact contained in the verbal testimony of libellant. The entire record, therefore, is bare of 'facts' showing or tending to show that respondent is not in military service.

"The only reference indirectly bearing upon this subject found in the testimony is the statement that the family of respondent, which resides close to the family of libellant, knows where respondent is actually located. It would therefore not appear to be imposing a hardship upon libellant to require that she actually ascertain the whereabouts of respondent and thus be able to include in an affidavit, either of herself or of some other competent witness, a statement of facts based upon direct knowledge of respondent's present status.

"We desire to call attention to the fact that the master includes in his findings of fact a paragraph de-

scriptive of the military status of respondent. We commend this practice and suggest that it be made uniform by masters in making reports in divorce proceedings, especially in cases where service is by publication."

In the present case there is testimony from which we could perhaps infer that respondent was not in the military service as late as August 3, 1942. In the present crisis, however, young men and women and even their elders are constantly entering the military service, either by selection or by enlistment. It is understood that the age limit for selection is 45, and for enlistment 50, years of age. Since libellant's father, who testified for him, still lives in Sedalia, it would not appear a hardship upon libellant to require him either to file his father's affidavit, or to ascertain from his father facts showing that respondent is not in military service, which libellant can set forth in a new affidavit. It is not necessary to recommit the matter to the master, but we will hold the record until such affidavit is filed.

We suggest that masters include in their findings of fact a paragraph descriptive of the military status of respondent and that the affidavit filed under the act of Congress contain in few words a statement of the location and occupation of respondent, or other facts if any, such as advanced age or disability, bearing on the matter. If in publication cases no information as to respondent's status can be obtained, the libellant may under section 200 of the Act of Congress file an affidavit that libellant is unable to determine the military status of respondent, after which the court will adopt such course as law and justice demand.

For the benefit of the bar, we would add that the affidavit should not ordinarily be taken by counsel, and should be sworn to not earlier than the last day for filing master's reports, next before the argument court for which the particular case is listed.