Wiltse, Appellant, *v.* Wiltse.

Argued April 9, 1946.

*Stuart A. Culbertson,* for appellant.

*Herbert M. Wiltse,* appellee in propria-persona.

PER CURIAM, June 17, 1946:

The parties in this divorce action were residents of Crawford County, Pennsylvania, previous to their mar-

riage on November 30, 1940. Thereafter they lived together as husband and wife at Meadville in that county until their final separation on February 3, 1941.

Libellant filed her libel in divorce on October 2, 1941, in the Court of Common Pleas of Crawford County. Subpœna in divorce was issued out of that court, and the return made was non est inventus as to the respondent. An alias subpœna was issued and a similar return was made.

Personal service on respondent having failed, service was made by publication. A master was appointed by the court, on libellant's motion, to take testimony. The master in his report recommended that a decree in divorce be entered.

An affidavit by libellant as to the military status of respondent was filed stating that respondent was not in the military service of the United States and was not about to be inducted therein. Section 200 of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, c. 888, 54 Stat. 1180, 50 U.S.C.A. Appendix, § 520, reads in part as follows: "In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service." The affidavit to comply with the act should set forth "facts" to the effect that respondent is not in the military service. See *Melotti v. Melotti,* 44 Pa. D. & C. 514; *Brown v. Brown,* 46 Pa. D. & C. 701. But failure to file in the first instance a proper affidavit does not justify dismissal of the cause. *Oliver v. Oliver,* 244 Ala. 234, 12 So. 2d 852, 854.

The court below dismissed the libel for want of jurisdiction, the libellant in her testimony before the master having testified that respondent was then living in Rockdale Township in the County of Crawford. Notice to respondent of the master's meeting should have been given, but failure to do so did not invalidate the service

by publication and prevent jurisdiction of the court from attaching. The subsequent return of respondent to the jurisdiction of the court, under the circumstances, precluded the entry of a decree, but it did not defeat the jurisdiction of the court. See *Hellertown Borough Referendum* case, 354 Pa. 255, 47 A. 2d 273.

The libel should not have been dismissed, but the case should have been returned to the master for the purpose of additional hearing or hearings after proper notice to respondent of the time and place of the master's meeting that he might be afforded the opportunity to cross-examine libellant's witnesses and to present his own defense.

The order of the court below is reversed, and the record is remitted to the court below that it may be returned to the master for the purpose indicated in this opinion.