## Clouser v. Clouser

*Alan M. Wolf,* for plaintiff.

CRYTZER, P. J., January 3, 1959.—The complaint in the above divorce action filed October 11, 1958, set forth that defendant was a minor. This complaint was served on the minor October 14, 1958, and the following day Viola M. Chubb, the mother of the minor defendant, filed her petition for appointment as guardian for her daughter in the within action. The court so appointed her upon the same date and on October 20, 1958, she was served with a copy of the complaint.

Subsequently a master was appointed who sent notice of the proposed master's hearing to the minor defendant, Helen L. Clouser, but failed to give such notice to her guardian. The evidence discloses that defendant was a minor both at the time of the master's hearing and presently. The master's report recommending the divorce be granted was submitted to this court December 30, 1958. Said report disclosed that neither defendant, her guardian nor counsel for either attended the hearing nor accepted notice thereof.

## Discussion

The within facts present one facet under the Pennsylvania Rules of Civil Procedure upon which there appears to be no reported case.

The first procedural query has been answered not only by adjudication but by actual wording of the Rules of Civil Procedure. For many years a minor defendant or other incompetent could be served with original process. Then a series of cases arose which were ably set forth by the late Judge Walter W. Rice in the Perry County case of Stoops v. Stoops which required that service of original process had to be made on both the minor and the guardian. The Rules of Civil Procedure have changed this situation by specifically setting forth as follows:

Pa. R. C. P. 2028(c) : "An action in which a minor is the defendant shall be commenced against the minor by name in the maner in which a like action is commenced against an adult."

Pa. R. C. P. 2029(a) : "Where a minor is defendant, the original process in the action shall be served upon him in the manner prescribed for the service of like process upon an adult defendant."

Pa. R. C. P. 2055: Service of original process may be made on a incompetent or may be served on his guardian. Plaintiff has the option.

1 Goodrich Amram, in discussing rule 1124(a)-4, ably discusses the service of subsequent pleadings which may be served on the guardian or on defendant's attorney of record.

Of course the rules also provide that in appointing a guardian for an incompetent, the court in its discretion may provide that copies of all prior pleadings shall be served on the guardian and additional time shall be given defendant's guardian to prevent inequity or injustice.

Thus the former practice of serving both the incompetent defendant and his guardian with original process is no longer required except where the court orders additional service on the guardian. In the current action plaintiff's counsel did have service made on defendant originally and later on her guardian. While not required, the court congratulates rather than criticizes counsel for his thoroughness and fairness toward the adverse parties.

The apparently moot question is: "Must a Master in divorce give notice of his hearing to a court-appointed guardian for an incompetent defendant when neither the minor nor the guardian have an attorney of record?"

Rule 2053(*b*) requires the guardian to supervise and control the conduct of the action. How can this fiduciary duty be fulfilled when no notice of the actual litigation hearing is given or required to be given to the guardian? We think the answer is obvious. Some diversity of opinion has arisen among the courts as to whether failure to give the required notice is a jurisdictional defect which removes the case from the jurisdiction of the court or whether the failure to give the notice merely precludes the entry of a decree until proper notice of the master's meeting has been given to defendant, or in accordance with our discussion herein, to the guardian of an incompetent defendant. 1 Goodrich Amram discusses quite fully the problem of jurisdiction when considering rule 1133(*a*)-14. We agree with their position and that set forth by our Superior Court in Wiltse v. Wiltse, 159 Pa. Superior Ct. 131, 47 A. 2d 540, in adopting the latter viewpoint.

The third problem involved is whether the master's notice sent to the minor defendant by registered mail for which her mother signed the registered return recept would constitute notice to the mother who was also the guardian. We think not. To hold otherwise would be to sanction the opening and reading of all mail, registered or certified, which was received by one person for another. Thus, any relative in a home, hotel clerk, any boarding-house keeper or any employe would be entitled to open the letter and peruse the contents of a communication intended for another and of sufficient importance to have it registered or certified. This letter was notice to the minor defendant but not to her guardian.

*Order*

And now, January 3, 1959, the within case is referred back to the master for completion in accordance with the discussion set forth above.