**Person v. Person, Jr.**

*Oscar F. Spicer,* for plaintiff.
*Robert G. Bigham,* master.

MacPHAIL, P.J., November 19, 1971.—In this action in divorce, the master has recommended that a divorce be granted. We agree with the master as to the merits of the action. However, there is a problem which requires that the matter be remanded for further hearing.

The master's report indicates that a notice of the master's hearing was mailed by certified mail, return receipt requested, with instructions to deliver to addressee only, to defendant at the address set forth in the complaint and that the envelope containing the notice was returned to the master with a notation from the postal authorities stating that the addressee was "temporarily away on military training." Subsequently, the master fixed a new date for hearing and mailed a new notice thereof to defendant with similar instructions to the postal authorities. This was apparently received and the postal receipt bearing defendant's signature was verified by plaintiff.

However, there is nothing in the testimony of this case about defendant's military status. Defendant did not appear personally in the action nor was he represented by counsel. Section 200 of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 App. USC §520 provides that no default judgment shall be entered unless plaintiff first files an affidavit that

defendant is not in military service. Any judgment taken or entered without the filing of such an affidavit or special order of court subjects that judgment to risk of attack by defendant if, in fact, he was in the military service when the judgment was entered.

In the present case, we do not know defendant's military status. His wife said only that her husband's "usual occupation" was a foreman at R. H. Sheppard. To prevent a miscarriage of justice against defendant and to protect plaintiff in the event a decree is entered, we believe the matter must be remanded for the filing of an appropriate affidavit and the taking of testimony to verify the facts upon which the affidavit is based: Wiltse v. Wiltse, 159 Pa. Superior Ct. 131 (1946).

### ORDER OF COURT

And now, November 19, 1971, the within matter is referred back to the master for further proceedings consistent with the above opinion of court.