Buckwalter *v.* Buckwalter, Appellant.

Argued June 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Frank J. Marcone,* for appellant.

*Lawrence Sager,* for appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

The issue in this divorce case is whether the defendant-wife was denied her right to a full hearing by reason of her not having received notice of the Master's hearing.

Plaintiff-husband filed his complaint in divorce on October 29, 1971. The Master was appointed on December 27, 1971, and scheduled a hearing for February 25, 1972. Prior to that date, the Master received a letter from Frank Marcone, Esquire, dated February 16, 1972, advising the Master that he was now representing the wife and was seeking a continuance. On March 24, 1972, Mr. Marcone filed his warrant of attorney and entry of appearance on behalf of the wife.

On April 12, 1972, the Master sent a notice of the hearing, rescheduled for May 8, 1972, to the attorney for the plaintiff, but not to the defendant's attorney. Instead, notice was sent directly to the wife by certified mail. This notice was not delivered to the wife, however, but was mistakenly forwarded to an address in Pottstown, and then to the husband's address in Conshohocken, Pa. The notation on the envelope shows a return of the letter to the Master on May 5, 1972, four days prior to the date of the rescheduled hearing. Despite the Master's awareness that neither the wife nor her attorney of record had received notice of the May 8 hearing, he made no further effort to contact either of them.

As a result, the Master's hearing was attended only by the husband and his attorney. One week after the

hearing, the Master filed a report recommending that a final decree of divorce be entered in favor of the husband. The wife filed exceptions alleging the lack of notice. The court below dismissed the exceptions and entered the decree as recommended. This appeal followed.

"[A] divorce proceeding is a special form of action in which the state is an interested third party . . . [as a result] there exists a duty to ascertain all pertinent facts." *Teriberry v. Teriberry*, 210 Pa. Superior Ct. 54, 57, 232 A. 2d 201 (1967). This duty is imposed on the lower courts and the appellate courts, both of which must review the evidence adduced before the Master de novo. Quite clearly, neither we nor the lower court are in a position to weigh the wife's contentions when she was never afforded the opportunity to present them. In such a case, where the equities are clear, a remand to allow the wife to present her evidence is required. *Deussing v. Deussing*, 224 Pa. Superior Ct. 525, 307 A. 2d 382 (1973).

Such a remand is especially appropriate in the instant case. Although the Master knew that the wife was represented, no notice was sent to her attorney of record. Indeed, even after the notice to the wife was returned to the Master undelivered, conclusively indicating that the wife had not been notified, he made no attempt to contact the wife or her attorney, but, rather, conducted essentially an ex parte hearing. The Master's subsequent statement in his report that he had "done all that was possible to serve the defendant" is clearly belied by this record.

While, perhaps, the Master's mailing of the notice to the wife literally complied with the Rules of Civil Procedure,[1] the Rules must be viewed in a common sense manner, and do not contemplate an absurd result. Pa.

---

[1] Pa. R. C. P. No. 1133(b).

R. C. P. No. 128(a). When the Master, prior to the hearing date, was aware that neither the wife nor her attorney had been notified, he should have immediately contacted her attorney by any means available. His failure to do so effectively denied the wife and her attorney the right to participate in the proceedings.

The decree of the lower court is vacated, and the case remanded to that court for proceedings consistent with this opinion.