## Kratzer v. Kratzer

*Todd S. Miller,* for plaintiff.
*in propria persona.*

BACKENSTOE, *J.,* November 14, 1977 — This uncontested divorce action must be returned to the master because notice of the master's hearing was not given defendant in the manner provided by Pa.R.C.P. 1133(a)(3)(a). The rules of civil procedure provide for notice of the master's hearing, where no attorney has appeared of record for defendant, as follows: "If the defendant was served with the complaint under Rule 1124(a), by personal service or by sending the notice by *ordinary mail* to his last known address." Pa.R.C.P. 1133(a)(3)(a). (Emphasis supplied.)

In the present case, defendant, having been personally served with the complaint, the master sent notice of the master's hearing to defendant's last

known address by certified mail,[1] which was returned unclaimed.[2] No other effort was made to notify defendant. Neither defendant nor his attorney attended the master's hearing.[3]

The appellate courts of this state have emphasized the importance of giving defendant in an action for divorce notice of the master's hearing. See Buckwalter v. Buckwalter, 225 Pa. Superior Ct. 117, 310 A. 2d 287 (1973); Wiltse v. Wiltse, 159 Pa. Superior Ct. 131, 47 A. 2d 540 (1946); 3 Goodrich-Amram 2d §1133(a):14 at 399 (1976). In our view Rule 1133(a)(3)(a)'s provision for notice to be given by the master through ordinary mail is not merely for the convenience of the master. Previous courts have recognized that certified mail, especially when delivery is restricted to the addressee, is not a perfect vehicle for effecting notice. As one court has commented: "We are all familiar with the fact that the postal authorities make one effort to deliver a registered letter and upon failing to do so, simply notify the intended recipient that a missive awaits his call at the post office, therefore, unless the person himself calls at the post office no delivery is effected." Hartzell v. Hartzell, 82 D. & C. 104, 106 (Cumberland Co., 1952) (holding notice of master's hearing insufficient).

Had the master in the instant case sent notice of the master's hearing by ordinary mail as the rule specifies, at least it could be presumed that the master's letter itself was delivered to defendant.

---

1. The mail service requested by the master was "Deliver only to Addressee and show to whom and date delivered."

2. Notice of the filing of the master's report was also sent by certified mail, which was returned unclaimed.

3. No attorney of record has appeared for defendant in this case.

However, as it stands now on the face of the record, it is evident that defendant did not receive proper notice, and absent some further attempt by the master to notify defendant, notice must be deemed insufficient. See Wagner v. Wagner, 59 D. & C. 2d 650 (Del. Co., 1973).

Accordingly, another hearing must now be held, and due notice made pursuant to the rules. If, however, defendant determines not to contest the action, it will not be necessary that plaintiff's evidence be repeated. Should this be the case, it will suffice for the master to resubmit his original report, together with such supplementary remarks as are necessary to detail the procedure followed.

## ORDER

Now, November 14, 1977, the above captioned action is referred back to the master for additional proceedings consistent with this opinion.