418 A.2d 742

**Lee B. ROACH, Appellant,**

v.

**Marlyn Joyce ROACH.**

Superior Court of Pennsylvania.

Argued June 27, 1979.

Filed March 7, 1980.

Stephen A. Sheller, Philadelphia, for appellant.

Edwin P. Smith, Philadelphia, for appellee.

Before WIEAND, LOUIK and ROBINSON, JJ.*

WIEAND, Judge:

On December 1, 1975, the Court of Common Pleas of Philadelphia County entered a decree divorcing Lee B. Roach from Marlyn Joyce Roach. On March 5, 1976, Marlyn Joyce Roach filed a petition to open the decree, which the lower court granted on June 23, 1976. From that order Lee B. Roach appealed.

* Judge DONALD E. WIEAND is sitting by special assignment. President Judge OTTO P. ROBINSON of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

A petition to open a decree in divorce is equitable in nature and is governed by equitable principles. *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938); *Tanis v. Tanis*, 206 Pa.Super. 213, 213 A.2d 102 (1965); *Blair v. Blair*, 195 Pa.Super. 406, 171 A.2d 854 (1961).

The complaint in the instant case was filed on May 29, 1974. Attempts to serve appellee in Philadelphia proved unsuccessful, and the complaint had to be reinstated on three occasions, the last time being July 29, 1975. Service was effected on August 25, 1975 by registered mail to appellee at 2415 Heaton Park Drive, DeKalb County, East Point, Georgia. The return receipt was signed by appellee. A courtesy copy of the complaint was sent by appellant's counsel to Isaiah Crippens, Esquire, who had been representing appellee in a separate proceeding for support.

Appellee testified that she sent the complaint to her mother with instructions to deliver the same to Attorney Crippens. Appellee's mother testified that she took the complaint to Crippens' home, where she handed it to Mrs. Crippens. Crippens, however, failed to enter an appearance on behalf of appellee in the divorce action.

A hearing before a Master was scheduled for November 10, 1975, and notice thereof was sent via registered mail to appellee at the same Georgia address where the complaint had been served. The notice to appellee was returned, marked "Unknown". No notice was sent to Crippens, who still had not entered an appearance on appellee's behalf. The hearing was attended by appellant and his attorney; neither appellee nor her attorney was present. Thereafter, on November 18, 1975, the Master filed a report recommending that a decree in divorce be granted on the grounds of indignities. Although the Master's affidavit of service suggests that notice of the filing of the Master's Report was sent to "attorney for Defendant", the record contains evidence of notice sent only to appellee at the Georgia address. Appellee denies receiving such notice. No exceptions were filed to the Master's Report, and a decree was entered on

December 1, 1975. Appellee, with new counsel, did file a subsequent appeal nunc pro tunc, but this was withdrawn on March 26, 1976. In its place, appellee filed the petition to open the divorce decree which is the basis for the present proceedings.

The record discloses that appellee was deprived of an opportunity to present evidence to the Master. She had been served with initial process by registered mail under Pa.R.C.P. No. 1124(a)(3)(b). Therefore, notice of the hearing before the Master could be given by ordinary mail, sent to appellee's last known address. See: Pa.R.C.P. No. 1133(a)(3)(a). In the instant case, the Master sent the notice by registered mail. This was returned undelivered, marked "Unknown". Because there had been no appearance entered on appellee's behalf, notice of the hearing was not given to counsel. The record is clear, therefore, that neither appellee nor any attorney on her behalf had received notice of the hearing. These facts were known to the Master. Under these circumstances, he could not properly proceed to hear appellant ex parte. Pa.R.C.P. No. 1133 cannot be interpreted to validate a mailed notice which is known not to have been delivered. Such an absurd interpretation is forbidden by Pa.R.C.P. No. 128(a). *Buckwalter v. Buckwalter*, 225 Pa.Super. 117, 310 A.2d 287 (1973); Goodrich-Amram 2d § 1133(a):14.

The failure of appellee's counsel to enter an appearance must also be considered. In *Deussing v. Deussing*, 224 Pa.Super. 525, 307 A.2d 382 (1973), this Court reversed a decree in divorce and remanded the action for further proceedings before the Master where the defendant's failure to appear before the Master had been the result of counsel's oversight. A similar result was achieved in *Teriberry v. Teriberry*, 210 Pa.Super. 54, 232 A.2d 201 (1967). In both of those cases, counsel's oversight had been raised promptly via exceptions to the Master's Report and had not been delayed until after a final decree in divorce had been entered. Nevertheless, the Court's observation in *Deussing v. Deussing*, supra 224 Pa.Super. at 529, 307 A.2d at 384, is pertinent in view of the lack of notice in the instant case. Writing for

a unanimous court, Judge Hoffman said: "Given the special interest which the state has in divorce matters, we should be even more solicitous to opening divorce decrees in the interest of having a full disclosure of the facts concerning the alleged marital difficulties."

To be considered by a court, a petition to open a decree must be presented promptly and before rights have accrued and positions have changed in reliance on such decree. In this instant case, it is not clear when or by what means appellee learned that a decree in divorce had been entered against her. The appellant, however, has not alleged that he will be prejudiced by the opening of the decree or by being required to establish a cause of action at a new hearing. Therefore, we are unable to conclude that appellee waited too long to file her petition to open the decree.

The trial judge, as he was required to do, ascertained all pertinent facts, and, applying equitable principles, determined that the decree should be opened so as to afford appellee an opportunity to be heard. Perceiving no abuse of discretion, we will affirm.

Order affirmed.

ROBINSON, J., did not participate in the decision of this appeal.