J-S55023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CLINTON W. SPENCER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LYNNETTE D. SPENCER | : | |
| | : | |
| Appellant | : | No. 1831 MDA 2016 |

Appeal from the Order Dated October 7, 2016
In the Court of Common Pleas of Centre County
Civil Division at No(s):  2011-1931

BEFORE:   DUBOW, J., RANSOM, J., and STRASSBURGER, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED OCTOBER 27, 2017**

Appellant, Lynnette D. Spencer, appeals from the order entered October 7, 2016,[1] denying her petition to open divorce proceedings and vacate an equitable distribution order entered February 29, 2016.  We affirm.

The parties were married on October 31, 1998.  The parties separated in August 2010, and in April 2011, Appellee filed a Complaint in Divorce, which included a claim for equitable distribution of property.  In August 2012, the court entered a decree in divorce and reserved jurisdiction over the issue of equitable distribution of marital property.

An equitable distribution hearing was held in January 2016.  Neither Appellant nor her counsel attended the hearing.  On February 29, 2016, the

_____

[1] While the trial court dated the order October 6, 2016, it was docketed the next day, October 7, 2016.  Therefore, we refer to the order as having been entered on October 7, 2016.

_____
* Retired Senior Judge assigned to the Superior Court.

court entered an equitable distribution order. Appellant subsequently filed a petition to open the divorce proceedings and vacate the February 29, 2016 order. A hearing on Appellant's petitions was held in August 2016. On October 6, 2016, the court denied Appellant's motions.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Pa.R.A.P. 1925(a) opinion relying on its Opinion and Order entered October 6, 2016.

Appellant raises the following issues for our review:

1. Whether the Trial Court abused its discretion in denying the petition as to vacating the order, providing for equitable distribution of the marital estate, on the ground of extrinsic fraud in the service of the notice of the hearing on equitable distribution, inasmuch as the service of notice was defective and/or misleading, and was sent to an address that was known, or should have been known, to be no longer valid, rather than the effective address of the appellant, the defendant below, and so prejudiced appellant, all of which the appellant provided by the requisite standard?

2. Whether the Trial Court abused its discretion in denying the petition as to opening the order, providing for equitable distribution of the marital estate, on the ground of intrinsic fraud perpetrated by misrepresentation of marital assets by the appellee, the plaintiff below, including but not limited to, a personal injury settlement and tangible property items, all of which the appellant, the defendant below, provided by the requisite standard?

3. Whether the Trial Court abused its discretion in denying the petition for an extension of time in which to comply with the order, providing for equitable distribution of the marital estate, inasmuch the stay therein requested was merited based on demonstrated extrinsic fraud in procuring the equitable distribution order?

Appellant's Brief at 4.

Our standard of review is well settled. "[A] proceeding to open a divorce decree is equitable in nature, and the appellate court will not reverse an order entered in such a proceeding unless there has been a clear abuse of discretion." **Egan v. Egan**, 759 A.2d 405, 407 (Pa. Super. 2000) (quoting **Foley v. Foley**, 572 A.2d 6, 9 (Pa. Super. 1990)).

Section 3332 of the Divorce Code "sets out clear evidentiary requirements which must be met by the parties before the court may exercise its authority to open, vacate, or strike a divorce decree[.]" **Justice v. Justice**, 612 A.2d 1354, 1358 (Pa. Super. 1992) (citation omitted).

> A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after the entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgement, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S. § 3332.

Appellant first seeks to vacate the equitable distribution order on the ground of extrinsic fraud. Specifically, Appellant asserts that she did not receive notice of the equitable distribution hearing. **See** Appellant's Brief at 12 (citing in support **Roach v. Roach**, 418 A.2d 742 (Pa. Super. 1980)).

Extrinsic fraud is defined as follows:

By the expression 'extrinsic or collateral fraud' is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy. Among these are the keeping of the defeated party away from court by false promise or compromise, or fraudulently keeping him in ignorance of the action.

*Id.* (quoting ***Fenstermaker v. Fenstermaker***, 502 A.2d 185, 188 (Pa. Super. 1985)).

In ***Roach***, neither the defendant nor her attorney was notified of a divorce proceeding before the appointed master. ***Roach*** 418 A.2d at 733. Notice of a hearing mailed to the defendant was returned to the master, undelivered and marked "unknown". ***Id.*** Nevertheless, the master knowingly proceeded with the hearing *ex parte*. ***Id.*** at 744. Considering these circumstances, this Court affirmed the trial court's decision to open the divorce proceedings, discerning no abuse of discretion. ***Id.***

In the instant case the trial court noted:

[Appellant] claims she did not receive notice of the equitable distribution hearing. On July 10, 2015, [Appellee] sent by both regular mail and certified mail, notification of a hearing scheduled for a Petition for Return of Firearms to [Appellant] at 58 Clark Street, Clearfield, Pennsylvania 16830 and 3761 Allport Cutoff Highway, Morrisdale, Pennsylvania, 16858. [Appellant] refused service at the 3761 Allport Cutoff Highway, Morrisdale address on four separate occasions. In current pleadings, [Appellant] concedes that this address is correct and even as such, failed to accept service. The [c]ourt then entered an Order rescheduling the hearing and notice was sent to [Appellant's] last known address of 1221 Woodland Road, Clearfield, Pennsylvania 16830. [Appellant] appeared for the hearing following receipt of the notice sent to 1221 Woodland Road, Clearfield. Following the hearing the [c]ourt sent an Order scheduling an equitable distribution hearing to that same 1221 Woodland Road, Clearfield address and to then attorney George Stenhach, Esquire. [Appellant] failed to

- 4 -

appear for the equitable distribution hearing. [Appellant] contends that she previously provided the 3761 Allport Cuttoff, Morrisdale address, the address where service was not accepted on four occasions, as her current address to Court Administration. There is no indication from the record of this ever happening. Given [Appellant's] demonstrated contempt for orders of this [c]ourt, the [c]ourt believes notice was likely received and ignored.

Trial Court Opinion, 10/7/16 at 2-3.

Appellant's reliance on **Roach** is misplaced because in this case the trial court determined that Appellant had received notice but chose to ignore it. The record supports the court's finding that Appellant refused service on four occasions at her address of record. Thereafter, Appellant accepted service at 1221 Woodland Road and appeared for a hearing. Reasonably, the court sent notice of the equitable distribution hearing to 1221 Woodland Road; yet on this occasion, Appellant failed to appear. Accordingly, there was no evidence of extrinsic fraud, and we discern no abuse of the court's discretion.

Appellant next contends that Appellee committed intrinsic fraud in misrepresenting his marital assets. The trial court declined to address Appellant's claims regarding intrinsic fraud, as her petition was filed more than thirty days after the entry of the order. **See** Trial Court Opinion, 10/7/16 at 3. Appellant concedes that her petition is untimely; however, she argues that the trial court abused its discretion in not extending the thirty-day limitation period. **See** Appellant's Brief at 14.

The trial court lacks discretion in this regard. Absent extrinsic fraud, lack of subject matter jurisdiction, or a fatal defect on the face of the record,

a divorce decree may not be opened after thirty days. *Justice*, 612 A.2d at 1357; 23 Pa.C.S. §3332. Appellant's petition was filed on June 2, 2016, more than three months after the decree was entered. Accordingly, it was untimely, and the lower court properly denied it as such.

Appellant's final claim is that the trial court abused its discretion in denying her petition for extension of time within which she must comply with the equitable distribution order. In light of the foregoing analysis, we discern no abuse of discretion.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017