J-S08036-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| BRYAN C. TOMOVCSIK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAROLINE MAE SEQUIN-TOMOVCSIK | : | |
| | : | |
| Appellant | : | No. 1307 WDA 2019 |

Appeal from the Order Entered July 15, 2019
in the Court of Common Pleas of Westmoreland County
Civil Division at No(s):  40 of 2019-D

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    FILED MAY 13, 2020

Caroline Mae Sequin-Tomovcsik ("Wife") appeals from the Order denying her Motion to Open a Divorce Decree.  We affirm.

Wife and Bryan C. Tomovcsik ("Husband") married on June 9, 2008.  No children were born during the parties' marriage.  On January 7, 2019, Husband filed a Complaint in Divorce (the "Complaint").  On that same date, Husband filed an Affidavit pursuant to 23 Pa.C.S.A. § 3301(d), which averred that the marriage is irretrievably broken; "[t]he date of separation was on or after December 5, 2016[;] and the parties have continued to live separate and apart for a period of at least one year."  Affidavit, 1/7/19, at 1.  The record reflects that Wife, who currently resides in Florida, was served with the Complaint and Affidavit on January 16, 2019.

On February 6, 2019, Wife filed a Counter-Affidavit opposing the entry of a divorce decree, stating that the parties have not lived separate and apart

for the required period of time, and there are outstanding economic claims pending between the parties. Counter-Affidavit, 2/6/19, at 1. The Counter-Affidavit stated that Wife's economic claims may include alimony, division of property, counsel fees and expenses. Id. However, Wife's Counter-Affidavit included the following acknowledgement:

> I understand that in addition to checking (b) [(claim for economic relief)] above, I must also file all of my economic claims with the Prothonotary in writing and serve them on the other party. If I fail to do so before the date set forth on the Notice of Intention to Request Divorce Decree, the divorce decree may be entered without further notice to me, and I shall be unable thereafter to file any economic claims.

Id. (emphasis added). Wife did not file economic claims with the Prothonotary, nor did she serve them upon Husband.

On February 11, 2019, Husband filed a Notice of Intention to request the entry of a divorce decree ("Notice of Intention"). The Notice of Intention stated that Wife had "failed to answer the Complaint or file a Counter-Affidavit to [Husband's] § 3301(d) Affidavit. Therefore, on or after March 1, 2019, [Husband] can request the [c]ourt to enter a final Decree in Divorce." Notice of Intention, 2/11/19, at 1. Husband included an Affidavit of Service indicating that the Notice of Intention was mailed to Wife on February 8, 2019. The Notice of Intention was mailed to the same address where Wife previously had been served, by first-class mail and by certified mail, with a return receipt requested. The return receipt reflects delivery of the Notice of Intention to

Wife's address on February 12, 2019, which was signed by "Laura Wendorf" ("Wendorf").

On March 4, 2019, Husband filed a Praecipe to Transmit the Record for entry of a Divorce Decree. Wife's counsel entered his appearance on March 6, 2019. However, Wife filed no responsive pleading to the Complaint in Divorce, nor did she file with the Prothonotary any claim for economic damages. The trial court entered the Divorce Decree on March 11, 2019.

On March 20, 2019, Wife filed a Notice of Presentation of her Motion to Set Aside the Divorce Decree. The trial court rescheduled presentation of the Motion to March 28, 2019. On that date, the trial court directed the parties to file memoranda on the issues presented. By an Order entered on July 15, 2019, the trial court denied Wife's Motion to Set Aside. Thereafter, Wife filed the instant timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Wife presents the following claim for our review: "Did the trial court err by failing to open the Decree in Divorce pursuant to [Wife's] Petition to Set Aside the Divorce Decree?" Brief for Appellant at 6.

Wife argues that she did not personally receive Husband's Notice of Intention. Id. at 16. According to Wife, Husband mailed the Notice of Intention, which afforded Wife twenty days to raise economic claims, "on March 1, 2019." Id. Wife acknowledges that Husband served Wife through first-class mail, and by certified mail. Id. However, Wife points out that the

return receipt for the certified Notice of Intention was signed by Wendorf, and not by Wife. Id. at 17.

Wife further argues that the trial court improperly applied a "literal" interpretation of Pennsylvania Rule of Civil Procedure 440 (Service of Legal Papers Other Than Original Process), when it found that the Notice of Intention was properly mailed and delivered to Wife. Id. at 18. Wife directs our attention to this Court's decision in Buckwalter v. Buckwalter, 310 A.2d 287 (Pa. Super. 1973), to support her claim that the Rules of Civil Procedure must be viewed in a "common sense manner, and do not contemplate an absurd result." Brief for Appellant at 19 (quoting Buckwalter, 310 A.2d at 289). According to Wife, in Buckwalter, this Court declined to interpret the Rules of Civil Procedure in a literal manner, as to the issue regarding notice of a master's hearing. Brief for Appellant at 20. Wife argues that, similar to Buckwalter, the trial court in this case "interpreted the applicable Rules of Civil Procedure in a literal manner to conclude that Wife had been given proper notice of the Notice of Intention...." Id.

Wife disputes that she ever received the Notice of Intention. Id. Wife points out that the return receipt of the certified mailing did not include Wife's signature. Id. According to Wife, she immediately served her Counter-Affidavit, after which Husband proceeded to "race to the Courthouse" only three days after the twenty-day Notice of Intention had lapsed. Id. at 21. Wife additionally argues that "[a] trial court abuses its discretion by failing to

vacate or open a divorce decree where a party was not afforded an opportunity to pursue their equitable distributions claims, especially in instances where the other party will not be prejudice[d], but will merely be required to prove their case." Id. at 23.

In addressing an issue relating to the opening of a divorce decree, we are guided by the following:

> Our standard of review over an order denying a motion to open or vacate a divorce decree requires us to determine whether an abuse of discretion has been committed. A motion requesting that a divorce decree be opened or vacated lies when the motion alleges the decree suffers from a fatal defect apparent upon the face of the record, was procured by either intrinsic or extrinsic fraud, should be voided in light of newly discovered evidence, or was entered by a court without subject matter jurisdiction.

Reece v. Reece, 66 A.3d 790, 791 (Pa. Super. 2013) (citation omitted); see also 23 Pa.C.S.A. § 3332 (stating that a motion to open or vacate a divorce decree "may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity.").

In order to consider untimely-filed economic claims, the divorce decree must be either opened or vacated. Justice v. Justice, 612 A.2d 1354, 1357 (Pa. Super. 1992). Petitions to open the decree must be filed within 30 days of entry of the decree. Id. (citing 42 Pa.C.S.A. § 5505). During this 30-day period, the court holds wide discretion to modify or rescind its decree. Justice, 612 A.2d at 1357.

> The trial court's broad discretion is lost, however, if the court fails to act within 30 days. After this 30-day period, an order can only be opened or vacated if there is fraud or some other circumstance so grave or compelling as to constitute extraordinary cause justifying intervention by the court.

Id. (citations omitted).

In Buckwalter, upon which Wife relies, a notice of the master's hearing was sent directly to wife, and not her attorney-of-record, and was returned to the master undelivered. Buckwalter, 310 A.2d at 288. Nevertheless, the master conducted a hearing without the presence of wife or her counsel. Id. This Court concluded that "[w]hile, perhaps, the [m]aster's mailing of the notice to the wife literally complied with the Rules of Civil Procedure, the Rules must be viewed in a common sense manner, and do not contemplate an absurd result." Id. at 289. Thus, this Court vacated the divorce decree, and remanded so that the wife and her attorney could participate in the proceedings. Id.

Wife's reliance on Roach v. Roach, 418 A.2d 742 (Pa. Super. 1980), is similarly misplaced. In Roach, neither the defendant wife nor her attorney was notified of a divorce proceeding before the appointed master. Roach, 418 A.2d at 743. Notice of a hearing, mailed to the wife, was returned to the master, undelivered and marked "unknown." Id. Nevertheless, the master proceeded with the hearing ex parte. Id. at 744. Under these circumstances, this Court affirmed the trial

court's decision to open the divorce proceedings, discerning no abuse of discretion. Id.

Here, Husband served Wife with the Complaint in Divorce and Affidavit at her address in Florida, and Wife did not dispute the use of that address for service of process. Wife made no allegation of fraud, but relied upon Husband's erroneous statement that Wife had not filed a counter-affidavit. Nevertheless, in her Counter-Affidavit, Wife acknowledged that she was still required to file all of her economic claims with the Prothonotary. The Counter-Affidavit specifically stated that if Wife failed to file her economic claims with the Prothonotary by the date set forth on the Notice of Intention, "the divorce decree may be entered without further notice to me, and I shall be unable thereafter to file any economic claims." Counter-Affidavit, 2/6/19, at 1. The record reflects that Wife filed no economic claims prior to March 1, 2019, the date set forth on Husband's Notice of Intention.

Our review further discloses that the trial court failed to act on Wife's Motion to Open within 30 days after entry of the Divorce Decree. In denying Wife relief, the trial court found that the Notice of Intention was mailed on February 8, 2019, and that Wife did not dispute this date. See Trial Court Opinion, 7/15/19, at 2. The trial court further found that Husband's Praecipe was filed on the 24th day after mailing the Notice of Intention, and "[t]hus, under the literal language of the rule (providing that the notice was "mailed

or delivered)[, Husband's] counsel did not file the [P]raecipe prior to the expiration of twenty days."[1]  Id.  As the trial court stated in its Opinion,

> the issue before the court is whether there are equitable reasons for opening the [D]ecree.  Though [Wife] has moved in a timely manner to strike or open the [D]ecree, there is no basis under the pleadings on which to do so, as the court does not find fraud or other basis [sic] for opening the [D]ecree.

Trial Court Opinion, 7/15/19, at 2.  Under these circumstances, we cannot conclude that the trial court abused its discretion in denying Wife's Motion to set aside the Divorce Decree.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2020

_____

[1] Pennsylvania Rule of Civil Procedure 1920.42 states that the decree may not be entered unless the notice of intention is mailed or delivered to the attorney of record, or to the party against whom the decree is to be entered, at least 20 days prior to the date the praecipe to transmit the record is filed.  Pa.R.C.P. 1920.42.