## Gray v. Gray

*Daniel W. Kearney*, for plaintiff.
*R. V. Moser*, for defendant.

TROUTMAN, J., May 29, 1950.—In this divorce proceeding, defendant, Catherine Gray, filed 12 exceptions to the report of the master, duly appointed by this court, to take the testimony in this case, which was filed on December 12, 1949. The master, in his report, recommended that a final decree of divorce be entered on the ground of wilful and malicious desertion without reasonable cause during the term and space of two years and upward. The first 11 exceptions allege error in the master's various findings of

fact and conclusions of law. The twelfth exception is to the effect that the master erred in refusing to continue the hearing, although requested to do so by defendant because of the inability of defendant to attend, as the refusal of the master to continue the hearing deprived defendant of her right to appear and defend this action. The twelfth exception will be considered first because if that exception is sustained, it will be unnecessary to discuss the other exceptions.

The hearing before the master was held on Friday, November 4, 1949, at which hearing there appeared plaintiff together with his counsel and witnesses and counsel for defendant. At the beginning of the hearing, counsel for defendant stated that defendant had notified him that she was ill and further that he had not been able to get in touch with her for the hearing that morning and for these reasons requested that the hearing be continued. This motion was overruled by the master, who stated that several dates had been fixed for the hearing and defendant had presented no doctor's certificate or other legal reason for her absence.

At this hearing before the master, counsel for defendant cross-examined plaintiff and his witnesses and during cross-examination of plaintiff the following occurred:

"By Mr. Moser: If the master please, I would like to recall the plaintiff after I have an opportunity to discuss these matters with his wife. I am not in a position at this time to go too deeply into some of these allegations of the plaintiff so I request the right to recall him if necessary.

"By Mr. Lark: Any objection Mr. Kearney?

"By Mr. Kearney: I wouldn't object to a reasonable time.

"By Mr. Lark: My recollection in this case is that I was appointed master about four or five months ago.

I believe that this is the third or fourth time we set a date for a hearing in the matter and in each instance, the defendant has been notified. I have the return receipt card in my office and I do not see why we should keep the case open too much longer. She has had ample time to be here this morning if she wanted to be here. That is all for the record."

The notice of the filing of the master's report is dated December 8, 1949, over a month after the hearing before the master. There is nothing in the report of the master to indicate that defendant has made any request to have a subsequent hearing before the master for the purpose of examining plaintiff at greater length or of presenting any testimony in her behalf. The report is likewise silent as to whether the master notified defendant or her counsel for the purpose of fixing a date for the further examination of plaintiff. While we are aware of the fact that the master was exceedingly indulgent in fixing a time for a hearing convenient to all parties and that defendant was exceedingly dilatory in making no effort to appear or have a date fixed for a subsequent hearing in accordance with the request made by her counsel at the hearing held on November 4, 1949, yet, we are of the opinion that in the interests of having a full disclosure of all of the facts concerning the alleged marital difficulties of the parties hereto, an opportunity be given defendant to appear and further cross-examine plaintiff and present such relevant and material testimony as she might desire at a subsequent hearing.

While no answer has been filed on the part of defendant, nevertheless, it is evident from the nature of the cross-examination of plaintiff that counsel for defendant was seeking to establish a reason for the alleged desertion of defendant. Marriage is a relation in which the public is deeply interested and is subject

to dissolution only for the causes sanctioned by law. Courts should be very liberal in reopening divorce cases so that all facts can be submitted at practically any stage of the proceedings before a final decree is granted. The fullest opportunity, at any stage of the proceeding, should be allowed to determine the truth, whether from respondent or at the instance of the master or the court, subject to such limitations as in the exercise of sound discretion shall not impose undue hardship upon either party: Bonomo v. Bonomo, 123 Pa. Superior Court 451. The Commonwealth is always the unnamed third party to a divorce proceeding, and the court or master on its behalf, should take up the investigation of any fact, the determination of which is material to the issue involved: Cortese v. Cortese, 163 Pa. Superior Court 553.

While the master's report and the testimony indicate that defendant was dilatory in the pursuit of her rights, nevertheless, we are of the opinion that a further opportunity should be granted her to present any testimony which might be material to the issue involved in this proceeding. Consequently, defendant's twelfth exception is hereby sustained and the proceeding is referred to the master for the purpose of fixing a time and place for a further hearing in this case for the purpose of giving defendant an opportunity to further cross-examine plaintiff and his witnesses and to present such further testimony as might be material to the issue raised in this proceeding. Inasmuch as the matter is referred to the master for further proceedings, it is unnecessary to dispose of the remaining exceptions.

*Order*

And now, to wit, May 29, 1950, defendant's twelfth exception is sustained and the above case is referred back to the master for the purpose of taking additional

testimony and it is directed that the master give notice to defendant and her counsel by registered mail of the time and place of the adjourned hearing, and shall inquire of defendant whether she desires to appear and defend this action.