Teriberry *v.* Teriberry, Appellant.

Argued April 11, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Morris A. Mendlowitz,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, J., June 16, 1967:

On August 12, 1966, in an action for divorce a.v.m. on the ground of indignities to the person instituted by Norman A. Teriberry against Dora Teriberry, the Court of Common Pleas of Allegheny County granted

the plaintiff-husband a final decree. On October 28, 1966, the wife petitioned for a rule to show cause why the decree should not be opened.[1] On December 9, 1966, the court below entered an order discharging the rule. The wife has appealed.

The law is well established that a petition to open a decree in divorce is equitable in nature: *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154. Although the ground of the exercise of the power is exceptional, *Wisecup v. Wisecup*, 190 Pa. Superior Ct. 384, 154 A. 2d 332, the record in the case at bar clearly discloses compelling reasons which require opening of the instant decree. The order of the court below will therefore be reversed.

The parties were married on August 13, 1960. The complaint in divorce was filed on May 21, 1966, and served on June 13, 1966. A master was thereafter appointed, and the husband's attorney served notice on the wife that a hearing was scheduled for July 28, 1966. On that date the wife appeared, indicated that she desired to contest the divorce, and requested a continuance for that purpose. The colloquy which occurred, as transcribed by the official court reporter, is set forth in the footnote.[2] The master was prevailed upon to

---

[1] The petition in the instant case is captioned a petition "to vacate" divorce decree. It concludes with a prayer that the decree be opened. The court below properly treated it as a petition to open: *Tanis v. Tanis*, 206 Pa. Superior Ct. 213, 213 A. 2d 102. See also footnote in *Watt Estate*, 409 Pa. 44, 185 A. 2d 781.

[2] "THE MASTER: The defendant has requested this case be continued so she may have an opportunity to contest it.

"MR. HARKETT: [husband's attorney]: She has had so much time already.

"THE DEFENDANT: My attorney tried all week to get us together.

"MR. HARKETT: Since she has Notice, we could go ahead.

"THE MASTER: I think since she is in today, we will have to put it on the contested trial list. There is no one waiting here now. Perhaps you can go over and get it on the contested list.

proceed with the hearing, and the husband's testimony was taken. It covers less than three typewritten pages, and falls far short of establishing grounds for divorce. A single-page mimeograph-form master's report recommending a decree was filed on August 5, 1966. As previously indicated, the final decree was entered one week later. No notice was given to the wife of the filing of the master's report, or of the entry of the final decree. She first learned of it when told by her sister that "it was in the paper". She is represented on this appeal by an attorney for the Neighborhood Legal Services Association.

The wife's testimony at the hearing on the rule, November 22, 1966, may be briefly summarized. When the complaint in divorce was served, she contacted an attorney who agreed to represent her. The record is silent as to what action this attorney may have taken. Obviously he did not enter an appearance. No answer was filed, and no bill of particulars was requested. Apparently a petition for counsel fees was discussed. The wife stated that the attorneys "were conferring back and forth with each other", and that her husband "was supposed to pay so much to the attorney, attor-

---

"MR. HARKETT: She has had enough time for this to get an attorney to handle this for her.

"THE MASTER: I realize that, but I can't go into any testimony she might want to give today.

"MR. HARKETT: Why not take her testimony?

"THE MASTER: I have no right to do that. I know this is tough on you coming in here today, but we can't do anything about it, especially when it's contested.

"THE DEFENDANT: My attorney is waiting to hear from me.

"MR. HARKETT: There isn't any attorney of record.

"THE MASTER: She appears in person and she wants to give testimony to contest. We have no authority to hear it.

"(At this point the Master and the attorney leave the room and then return.)

"THE MASTER: We will take the testimony and it can be used if there is no contest develops."

ney fee". After she was served with notice of the master's hearing, the wife called her attorney. She was told to appear at the hearing and request a continuance since "he would be tied up in Orphans' Court". The wife was definitely under the impression that there would be a further hearing. "I was to have another hearing date".

The court below was of the opinion that the wife failed to act with timely diligence, and did not establish adequate grounds for disturbing the decree. We are not in accord with this conclusion. A divorce proceeding is a special form of action in which the state is an interested third party, and there exists a duty to ascertain all pertinent facts: *Commonwealth ex rel. Branch v. Branch,* 175 Pa. Superior Ct. 373, 104 A. 2d 183. There can be no question that there never was a fair submission of the controversy in the case at bar. Cf. *Masciulli v. Masciulli,* 194 Pa. Superior Ct. 646, 169 A. 2d 562. The wife is entitled to her day in court.

The order of the court below is reversed, the decree in divorce is opened, and the case is remanded with a procedendo.

WATKINS, J., dissents.