Deussing *v.* Deussing, Appellant.

*Joyce Ullman,* for appellant.

*Maxwell P. Gorson,* with him *Goldberg & Gorson,* for appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

Appellant-wife contends that the lower court erred in denying her petition to remand this case to the Master for the purpose of allowing her to present a defense to the husband-appellee's divorce action.

The husband's complaint was served on the wife in November of 1971, and her attorney entered an appearance for her at that time. The Master scheduled a

hearing for June 2nd.[1]   On that date, wife's counsel was out of town on vacation.   When informed of this at the June 2nd hearing, the Master proceeded to hear the testimony of the husband with respect to jurisdictional facts only, and continued the hearing to June 22, 1972.

Counsel for the wife, prior to and at the June 22nd hearing, requested that the hearing be continued until the outstanding counterclaim could be served on the husband, and the court disposed of the rule and petition for costs.[2]   The request was granted, and the Master orally rescheduled the hearing for August 22.[3]   He stated, however, that no written notices would be sent. The wife did not attend the June 22nd hearing because her attorney had advised her that a continuance would be granted.   As a result, she was unaware that a hearing on the merits would be held in August.

The August hearing was attended only by the husband and his counsel.   After waiting one half-hour for the wife, the Master proceeded to take the husband's testimony.   The Master subsequently filed his report, recommending that a final decree of divorce be entered in favor of the husband on the grounds of desertion and indignities to the person.   The wife filed exceptions to

---

[1] Between November, 1971, and May, 1972, the wife filed a rule and a petition for costs and counsel fees. Pursuant thereto, the wife attempted on five occasions to take husband's deposition, but had to cancel same at his request. The wife also filed a countercomplaint in Divorce AM&T, but, despite several attempts, was unable to have it served upon the husband. One week before the appointment of the Master, the husband filed a rule to strike or discontinue his action which was subsequently withdrawn, and the case proceeded to the Master.

[2] See footnote one.

[3] At this hearing, counsel emphatically stated that the wife had every intent to present a defense and contest the husband's divorce action.

these recommendations and a petition to return the case to the Master to allow her to present her defense.

At the hearing on these petitions, the wife testified that she was unaware of the hearing scheduled for August 22, and that, she would have appeared to present her defense if she had been informed of it. Wife's counsel testified that she never informed the wife of the August hearing, and that after June 22, she misplaced the file for the case. She further testified that she forgot to notify the wife of the August hearing date because on June 22, she was preoccupied with concern for her family which was endangered by the hurricane floods in eastern Pennsylvania. Finally, counsel assumed complete responsibility for the wife's failure to be informed of and appear at the August 22 hearing.

The trial judge stated that he could find no *legal* basis to justify re-opening the matter, and consequently dismissed the wife's exceptions and refused to remand the case to the Master. We do not agree with the decision of the lower court and hold that, under the circumstance of this appeal, the case should be remanded to the Master to afford the wife the opportunity to contest this divorce.

The lower court's attempt to find a legal basis for re-opening the matter was erroneous for it is settled that a petition to open a divorce decree for the purpose of taking additional testimony is equitable in nature. *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938). As a result, the lower court was obliged not only to review the record for legal error, but, in addition, to consider the record as a whole to determine the justice of the result.

In the instant case, such an obligation rested even more heavily on the trial court for the final decree had not been entered at time of the hearing. Moreover, in such cases, courts should note well the statement of

President Judge WRIGHT that "a divorce proceeding is a special form of action in which the state is an interested third party, and *there exists a duty to ascertain all pertinent facts," Teriberry v. Teriberry,* 210 Pa. Superior Ct. 54, 57, 232 A. 2d 201 (1967) (emphasis supplied).

In *Teriberry* the wife was prevented from presenting a defense at a Master's hearing because her attorney had other commitments at the time of the hearing. We overruled the refusal of the lower court to remand the case to the master, and held that, under those circumstances the wife was entitled to her day in court. See also *Gray v. Gray,* 71 Pa. D. & C. 317 (1950).

As in *Teriberry,* the wife has failed to present a defense to the husband's suit through no fault of her own, but because of counsel's understandable omission. Moreover, as soon as the omission was discovered, the wife acted quickly in excepting to the Master's recommendations, and in seeking a remand for presentation of her defense. See *Nixon v. Nixon,* supra, at p. 264.

In order to avoid prejudice to parties in trespass and assumpsit actions, our courts have often allowed the opening of default judgments in cases where the failure to defend was the result of an oversight or omission of counsel. See, e.g., *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A. 2d 128 (1971); *Stephens v. Bartholomew,* 422 Pa. 311, 220 A. 2d 617 (1966); *Samuel Jacobs Distributors, Inc. v. Conditioned Air, Inc.,* 223 Pa. Superior Ct. 466, 301 A. 2d 907 (1973); *Borjes v. Wich,* 171 Pa. Superior Ct. 505, 90 A. 2d 288 (1952). Given the special interest which the state has in divorce matters, we should be even more solicitous to opening divorce decrees in the interest of having a full disclosure of the facts concerning the alleged marital difficulties. This is especially true in the instant case where the wife has been precluded from presenting her

defense due to an understandable omission of counsel, and the husband has not been prejudiced, but will merely be required to prove his case.

The order of the lower court is reversed, and the case remanded to that court for referral to the Master.

WATKINS, JACOBS and SPAULDING, JJ., dissent.