## Kunkel v. Kunkel

548

*Bernard Mendelsohn,* for plaintiff.
*John J. Grenko,* for defendant.

SAYLOR, *J.,* November 5, 1984—This involves a motion to dismiss a claim for equitable distribution, alimony and attorney's fees, costs and expenses.

I

On July 26, 1982, plaintiff-husband filed a complaint in divorce against defendant-wife. A regular master was appointed to hear the divorce action. The master filed his report on January 21, 1983, recommending that a divorce decree be entered and that all property rights dependent on the marital relationship be terminated. Defendant filed no exceptions to the master's report or recommendations. However, an appearance was entered for defendant on Januay 27, 1983, at which time she filed a petition for related claims, including equitable distribution, alimony and attorney's fees, costs and expenses.

On January 31, 1983, the Honorable Forrest G. Schaeffer entered a final decree in divorce in accordance with the master's recommendations. However, it is stipulated that Judge Schaeffer had no knowledge of the petition filed by defendant on January 27, 1983, when he entered his decree. Defen-

dant filed no appeal to the Superior Court from the January 31, 1983 decree.

Plaintiff filed a motion to dismiss defendant's petition for related claims on March 15, 1983.[1] This motion is presently before us for decision.

### II

Plaintiff initially argues that defendant's petition should be dismissed for failure to properly answer plaintiff's motion to dismiss. First, he argues that because defendant's counsel, rather than defendant, verified the answer and gave no reason therefor, the answer did not comply with Pa.R.C.P. 206 and Pa.R.C.P. 1024. However, defendant's counsel was defendant's attorney-in-fact,[2] and an attorney-in-fact may execute the verification of a pleading for and on behalf of his principal. Patmore v. Lizotte, 3 D.&C. 3d 161 (1977). Accordingly, we will permit the verification to stand.

Second, plaintiff argues that defendant's petition should be dismissed because defendant failed to serve the answer on plaintiff or his counsel, in violation of Pa.R.C.P. 233. However, plaintiff does not claim that he never received any notice of the answer. In fact, plaintiff's counsel states in his brief that he discovered the answer while searching the prothonotary's docket after the return date to determine whether the rule[3] should be made absolute for failure to answer. In Pflugh v. Pflugh, 311 Pa. Super. 221, 457 A.2d 575, 577 (1983), the Superior Court reversed a lower court order dismissing appel-

---

1. On this date the court issued a rule on defendant pursuant to this motion, returnable April 4, 1983. Defendant filed an answer on the return date.

2. Power of attorney filed January 27, 1983.

3. See supra note 1.

lant's motion to strike appellee's petition for alimony and equitable distribution because appellant "quite literally failed to receive notice, in that he never received either informal notice or service of the petition until long after the petition was granted," and was thereby harmed. Plaintiff here has not shown he was in any way prejudiced by defendant's failure to serve him, nor did he ask the court to make the rule absolute for failure to answer. Therefore, we think it inappropriate to dismiss defendant's petition on this ground.

Plaintiff's third claim is that defendant's answer failed to properly deny any of the issues raised in plaintiff's motion. Pa.R.C.P. 1920.14(a) provides that in a divorce action, the averments in the complaint and in "all other claims which may be joined under the Divorce Code shall be deemed denied unless admitted by an answer." Pa.R.C.P. 1920.15(b) provides that the defendant in such an action "may file . . . a subsequent petition raising any claims which under the Divorce Code may be joined with an action of divorce," and that "[t]he averments shall be deemed denied unless admitted by an answer." Accordingly, the averments in plaintiff's motion not specifically admitted in defendant's answer are denied.

## III

Plaintiff also argues that the January 31, 1983 divorce decree entered by Judge Schaeffer terminated defendant's right to seek the related claims requested in her petition. In support of his position, plaintiff cites Carangelo v. Carangelo, 321 Pa. Super. 219, 467 A.2d 1333 (1983), for the proposition that exceptions must be filed in claims involving marital property and alimony. He argues that since defendant failed to file exceptions to that portion of the

master's report recommending termination of her property rights, she waived any objections to it. However, the instant case differs from Carangelo in two important respects. The first is that defendant here filed her petition prior to the entry of the January 31, 1983 decree; Mrs. Carangelo's appeal was from an order entered one month after the entry of the decree in divorce. Secondly, hearings "which included extensive inquiry into the economic status and resources of the parties," id at 1334, were conducted before the trial judge in Carangelo prior to the entry of his order. No such opportunity was afforded defendant here. And the language preceeding note 1 in Caranagelo indicates to us that if there had been no hearing on these issues, the decision there would have been different.

Plaintiff's second supporting argument is that defendant's failure to appeal from the January 31, 1983 decree terminated her right to challenge its validity. Again, we must disagree.

Section 401(b) of the Divorce Code[4] provides that "[a]ny decree granting a divorce . . . shall include after a full hearing, where these matters are raised in the complaint, the answer or other petition, an order or orders determining and disposing of existing property rights and interests between the parties, . . . alimony and any other related matters." We think this language clearly requires that defendant be afforded an opportunity to be heard on the claims in her petition, particularly since the petition was filed before the entry of the final decree.

Although better form would have been for defendant's counsel to file exceptions to the master's report and recommendations and/or appeal from Judge Schaeffer's January 31, 1983 decree, we can-

---

4. Act of April 2, 1980, P.L. 63, §101.

not allow ourselves to become blind to the realities of the situation and deny this defendant an opportunity to be heard.[5] Since Judge Schaeffer found it necessary to recuse himself, we must decide this issue as we would have in the first instance. Had we learned her petition was outstanding, we would not have entered a decree, contrary to the code, denying defendant's claims for equitable distribution and alimony without a hearing, and we cannot imagine Judge Schaeffer would have done otherwise.

For all these reasons, we deny plaintiff's motion to dismiss defendant's petition for equitable distribution, alimony and attorney's fees, costs and expenses, and, on our own motion, vacate only that portion of Judge Schaeffer's January 31, 1983 order which terminates property rights.

---

5. Cf. Deussing v. Deussing, 224 Pa.Super. 525, 307 A.2d 382 (1973) (Superior Court reversed divorce decree and remanded action for further proceedings before master where defendant's failure to appear before master had resulted from counsel's oversight.).