## Antonicelli v. Antonicelli

*Kathy W. Morrison,* for plaintiff.
*Francis A. Zulli,* for defendant.

BAYLEY, *J.,* October 31, 1985—On September 11, 1985, this court entered a decree pursuant to the Divorce Code of Pennsylvania, divorcing Frank Antonicelli, Jr., plaintiff, and Maxine R. Antonicelli, defendant, from the bonds of matrimony.[1] There were no economic claims of record made by defendant; accordingly, we did not specifically retain jurisdiction.

Plaintiff's complaint, filed on November 4, 1982, and captioned as, "Complaint In Divorce Under section 201(c) of The Divorce Code," averred as grounds upon which the action was based:

"(a) That defendant has offered such indignities to the person of plaintiff, the innocent and injured spouse, as to render his condition intolerable and life burdensome, and that this action is not collusive.

Or, in the alternative,

(b) That the marriage is irretrievably broken."

---

1. Act of April 2, 1980, P.L. 63, §101 et seq., 23 P.S. §101 et seq.

The complaint was served upon defendant by certified mail which she received and signed for on November 6, 1982. Petitioner immediately retained Jeffrey A. Ernico, Esq., to represent her. Mr. Ernico contacted counsel for plaintiff and advised him that his client opposed a divorce and was not prepared at that time to deal with the termination of her marriage, or for that matter, even enter into any negotiations to resolve economic issues. The divorce complaint did not contain a claim for the equitable distribution of property.

The parties had separated on May 28, 1982. Mr. Antonicelli is a tooling coordinator for AMP, Inc. Mrs. Antonicelli was a housewife who, after separation, undertook employment as a data analyst. Mr. Antonicelli paid her private support in the amount of $350 bi-weekly until December of 1982 and then $500 per month through September 11, 1985.

Mr. Enrico never entered an appearance for his client nor did he file any claims of record for economic relief, alimony, etc. In 1985, plaintiff's counsel called him and inquired as to whether he was still representing defendant. Mr. Enrico told counsel that he would be representing her and would get back to him. When nothing further happened, respondent filed an affidavit under §201(d)(1) of the Divorce Code averring that the parties were separated on May 30, 1982. The affidavit was in the form prescribed by Pa.R.C.P. 1920.72(c), in that it noted that the parties had been separated on May 30, 1982, that the marriage was irretrievably broken and that plaintiff understood that he would lose rights concerning alimony, division of property, lawyer's fees or expenses if he did not claim them before a divorce was granted. The record discloses, however, that this 201(d) affidavit which was personally served upon petitioner on August 12, 1985,

did not contain the notice required by Rule 1920.72(c), which provides:

"If, you wish to deny any of the statements set forth in this affidavit, you must file a counteraffidavit within 20 days after this affidavit has been served on you or the statements will be admitted.[2]

Respondent, however, immediately called Mr. Ernico and forwarded to him the affidavit together with a written letter setting forth her position at that time regarding the divorce proceedings. Mr. Ernico knew that he was responsible to protect the interests of his client but, through inadvertence, took no action in response to his receipt of the affidavit. On September 6, 1985, respondent's attorney filed a praecipe to transmit the record seeking a divorce decree for his client on the grounds that the marriage was irretrievably broken pursuant to §201(d) of the Divorce Code. The court routinely signed the divorce decree on September 11, 1985, and noted on the decree that no other claims had been raised upon which jurisdiction would otherwise be retained.

Notice was sent by the prothonotary to Mrs. Antonicelli that a final decree had been entered. She notified her attorney on September 13, 1985, and a petition was filed on her behalf to strike and/or open the judgment on September 16, 1985. A rule was entered on respondent to show cause why the

---

2. Counsel for respondent showed petitioner a copy of the affidavit, marked respondent's exhibit no. 1, at the hearing before this court on October 24, 1985. The copy contained a cover sheet with the notice required by Rule 1920.72(c). The record, however, reveals that the affidavit which was personally served on respondent on August 12, 1985, did not contain this notice.

relief prayed for should not be granted and a hearing was held on October 24, 1985. The parties stipulated that they owned substantial real and personal property. Most of the personal property is owned separately by respondent which includes a company pension with AMP, Inc. The real property, which constitutes the marital residence, is in joint names. There is a substantial difference in their capacity to earn income. They were married on June 6, 1963, and have two children, both of whom are in college.

## DISCUSSION

Section 602 of the Divorce Code at 23 P.S. §602, provides:

"A motion to open a decree of divorce or annulment may be made only within 30 days after entry of the decree and not thereafter. Such motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or because of a fatal defect apparent upon the face of the record, must be made within five years after the entry of the final decree: Intrinsic fraud is such as relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case."

Petitioner's motion to strike and/or open the judgment claims that she took no formal action on the divorce case in the hope of reconciling with respondent. She avers that she was not aware, nor was she made aware, that the divorce could proceed

without her consent. She also alleges that grounds under §201(d)(1) were not specifically raised in the complaint nor did respondent amend his complaint prior to transmitting the record to the court. The motion avers that the parties have accumulated substantial assets and that the entry of a final decree precludes claims for equitable distribution of assets or alimony whereby her economic rights will be severely prejudiced.

In Beamer v. Beamer, 330 Pa. Super. 154, 479 A.2d 485 (1984), the Superior Court noted:

"[i]t has long been recognized by Pennsylvania courts that the door of equity is never closed. In re Gerlach's Estate, 364 Pa. 207, 72 A.2d 271 (1950). In particular, the courts have recognized that divorce is a special form of action in which the state is an interested third party and that there exists a duty to ascertain all pertinent facts. Teriberry v. Teriberry, 210 Pa. Super. 54, 232 A.2d 201 (1967). A petition to open a divorce decree is equitable in nature, id., and is governed by equitable principles. Roach v. Roach, 275 Pa. Super. 320, 418 A.2d 742 (1980). Where equity requires that the decree be opened and additional testimony be taken, the court may, in its discretion, do so. Nixon v. Nixon, 329 Pa. 256, 198 Atl. 154 (1938); Deussing v. Deussing, 224 Pa. Super. 525, 307 A.2d 382 (1973). A petition to open a divorce decree for purposes of taking additional testimony is equitable in nature, and the court is obligated not only to review the record as a whole for legal error, but also to consider the record as a whole to determine the justice of the result. Id.

"Under the new code, the court has broad equitable powers to 'protect the interests of the parties or to effectuate the purposes of this act,' and the court may 'grant such other relief or remedy as equity and justice require.' 23 P.S. §401(c). One of the pur-

poses of the code is to '[e]ffectuate economic justice between parties who are divorced or separated and. . . insure a fair and just determination and settlement of their property rights.' " 23 P.S. §102(a)(6).

In Deussing v. Deussing, 224 Pa. Super. 525, 307 A.2d 382 (1973), a wife did not attend a scheduled master's hearing because her attorney had advised her that a continuance would be granted. After her husband and his counsel alone attended the hearing and the master filed a report she filed a petition to return the matter to the master. Her attorney assumed complete responsibility for his failure to inform her of the scheduled hearing. The court stated that it could find no legal basis to justify reopening the matter and dismissed the wife's exceptions and entered a final decree. The Superior Court reversed, noting:

"The lower court's attempt to find a legal basis for reopening the matter was erroneous for it is settled that a petition to open a divorce decree for the purpose of taking additional testimony is equitable in nature. Nixon v. Nixon, 329 Pa. 256, 198 Atl. 154 (1938). As a result, the lower court was obliged not only to review the record for legal error, but, in addition, to consider the record as a whole to determine the justice of the result.

"In the instant case, such an obligation rested even more heavily on the trial court for the final decree had not been entered at time of the hearing. Moreover, in such cases, courts should note well the statement of President Judge Wright that a 'divorce proceeding is a special form of action in which the state is an interested third party, and *there exists a duty to ascertain all pertinent facts,*' " Teriberry v.

Teriberry, 210 Pa. 'Super. 54, 57, 232 A.2d 201 (1967). (Emphasis supplied.)

In Teriberry the wife was prevented from presenting a defense at a master's hearing because her attorney had other commitments at the time of the hearing. We overruled the refusal of the lower court to remand the case to the master, and held that, under those circumstances the wife was entitled to her day in court. See also Gray v. Gray, 71 D.&C. 317 (1950).

As in Teriberry, the wife has failed to present a defense to the husband's suit through no fault of her own, but because of counsel's understandable omission. Moreover, as soon as the omission was discovered, the wife. acted quickly in excepting to the master's recommendations, and in seeking a remand for presentation of her defense. See Nixon v. Nixon, supra, at 264.

In order to avoid prejudice to parties in trespass and assumpsit actions, our courts have often allowed the opening of default judgments in cases where the failure to defend was the result of an oversight or omission of counsel. See, e.g., Balk v. Ford Motor Co., 446 Pa. 137, 285 A.2d 128 (1971); Stephens v. Bartholomew, 422 Pa. 311, 220 A.2d 617 (1966); Samuel Jacobs Distributors, Inc. v. Conditioned Air, Inc, 223 Pa. Super. 466, 301 A.2d 907 (1973); Borjes v. Wich, 171 Pa. Super. 505, 90 A.2d 288 (1952). Given the special interest which the state has in divorce matters, we should be even more solicitous to opening divorce decrees in the interest of having a full disclosure of the facts concerning the alleged marital difficulties. This is especially true in the instant case where the wife has been precluded from presenting her defense due to an understandable omission of counsel, and the

husband has not been prejudiced, but will merely be required to prove his case.

An examination of the record in the present case reveals that the complaint in divorce, while averring that the marriage was irretrievably broken, did not allege that the parties had lived separate and apart for a period of three years.[3] Section 201(d)(1) of the Divorce Code provides:

"*It shall be lawful* for the court to grant a divorce where a party has filed *a complaint and an affidavit* alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken, and:

(i) respondent does not deny the allegations set forth in the affidavit; or

(ii) respondent denies one or more of the allegations set forth in the affidavit, but after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least three years and that the marriage is irretrievably broken." (Emphasis added.)

This section requires that both the complaint and the §201(d)(1) affidavit allege that the parties have lived separate and apart for at least three years. Therefore, it was unlawful to grant the divorce pursuant to §201(d)(1) because the complaint did not aver that the parties had lived separate and apart for a period of at least three years. In order to have properly sought a §201(d)(1) divorce, respondent would have first had to amend his complaint subsequent to

_____

3. For the obvious reason that the complaint was filed on November 4, 1982 and the parties had just separated on May 30, 1982. Accordingly, the complaint was captioned under §201(c) and contained a separate averment of indignities pursuant to §201(a)(6).

May 29, 1985, when the parties had been separated for three years.

Additionally, the record is devoid of adequate proof that the §201(d)(1) affidavit which was served upon petitioner on August 12, 1985, contained the notice required by Pa.R.C.P. 1920.72(c), that a counter-affidavit was required to be filed within 20 days or otherwise statements contained in the affidavit would be admitted.

This petition seeking relief was filed five days after the entry of the decree and immediately after counsel realized that his inadvertence had resulted in the failure to protect his client on the record. On these facts we would have absolutely no hesitancy in exercising our equitable powers to open the judgment. Our failure to do so would result in economic injustice between the parties. Our willingness to do so will insure a fair and just determination and settlement of their property rights. In fact, we are required to strike the judgment because there is a fatal defect apparent upon the face of the record. It was unlawful for this court to enter the decree upon the praecipe transmitting the record pursuant to §201(d)(1) of the Divorce Code, because the complaint did not allege that the parties had lived separate and apart for a period of at least three years. Accordingly, the following is entered.

## ORDER OF COURT

And now, this October 31, 1985, the rule directed against respondent to show cause, dated September 16, 1985, is made absolute. The decree and judgment in divorce on the above-captioned case, dated September 11, 1985, is stricken.