J-A17035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHARLES KWAME OPPONG | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROSEMOND N. OTI | |
| Appellant | No. 3083 EDA 2015 |

Appeal from the Decree August 21, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 8538 May Term, 2011

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED OCTOBER 21, 2016**

Appellant, Rosemond N. Oti ("Wife"), appeals *pro se* from the divorce decree entered in the Philadelphia County Court of Common Pleas, which resolved all economic issues between Wife and Appellee, Charles Kwame Oppong ("Husband").  Specifically, Wife challenges the court's August 21, 2015 order precluding her from offering any testimony/evidence at the trial *de novo* as a sanction for failing to comply with the relevant rules of civil procedure.  We affirm the divorce decree, vacate the preclusion order, and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. The parties married in New York on March 12, 1996.  Prior to their marriage in the United States, the parties resided together in Ghana.  According to

_____

*Retired Senior Judge assigned to the Superior Court.

Wife, the parties had initially married in Ghana in October 1986, and reaffirmed their marriage in the New York ceremony. The parties separated sometime in 1997. Each party alleges the other had an extramarital affair during the marriage, which caused the separation. Husband is a pharmacist. Wife is currently on disability and unemployed. The parties have one child together, who has reached the age of majority. Wife's native language is Akan.

On May 25, 2011, Husband filed a divorce complaint under 23 Pa.C.S.A. § 3301(d) (irretrievable breakdown in marriage). Wife failed to respond to the complaint, so Husband filed notice of intent to request entry of the divorce decree. The court entered a divorce decree on November 21, 2011. On November 28, 2011, Wife's counsel (Attorney Osei) entered his appearance. Wife filed an answer and counterclaim to the divorce complaint that day. In her counterclaim, Wife sought a divorce on fault grounds under 23 Pa.C.S.A. § 3301(a)(2) (committing adultery), equitable distribution, and alimony *pendente lite*/spousal support. By order entered December 14, 2011, the court vacated the November 21, 2011 divorce decree, deciding Husband had failed to serve Wife by proper means with notice of intent to request entry of the divorce decree.

On or about April 5, 2013, Husband filed notice of intent to file a *praecipe* to transmit the record for approval of divorce grounds under Section 3301(d). Wife did not respond, so the court approved grounds for

divorce under Section 3301(d) on June 4, 2013. On June 24, 2013, Husband filed a certification for a hearing before a divorce master. Husband alleged the only issue for resolution was equitable distribution. Husband attached an inventory to his certification, stating no marital property existed.

On July 12, 2013, the court issued Notice of Hearing ("Notice") to counsel for both parties. The Notice indicated a master's hearing would take place at 9:00 a.m. on November 5, 2013. The Notice also contained the following relevant language:

> At least **ten (10) days** prior to this scheduled hearing, each party shall file a Memorandum as required by Family Court Administrative Regulation 88-4 (see Rule 1920.51*(f)(3)). That Memorandum shall be accompanied by copies of all documents relating to the issues in the case including, but not limited to, copies of all appraisals (real estate and personal property), pension evaluations, financial statements from the time of separation, recent wage stubs, current mortgage balances, any relevant medical reports, any bills that are at issue, and the most recent income tax returns. Each Memorandum shall be accompanied by a certification that a copy of the same has been served on opposing counsel and on any unrepresented party. **All memoranda**, together with copies of all evidentiary documents, **shall be filed with the Divorce Masters Unit, 46 South 11th Street, Room 272, Philadelphia, PA 19107,** or by mail to the Divorce Masters Unit, 46 South 11th Street, Room 272, Philadelphia, PA 19107 (telephone: 215-686-9205/06; facsimile: 215-686-9286).

(Notice, dated July 12, 2013, at 1) (emphasis in original). Significantly, the Notice is addressed **only** to counsel for the parties, but not to Husband or Wife. Husband filed his pre-trial memorandum on October 31, 2013, claiming no marital property existed. Husband alleged the parties previously

- 3 -

owned real estate together in Ghana, which Wife fraudulently transferred into her name only. Notwithstanding this allegation, Husband asked the master to allow Wife to retain ownership of the Ghana property. Husband also asked the master to dismiss Wife's claim for alimony based on her alleged adultery, the fact that she can support herself, and the fact that Wife receives financial support from her current romantic partner. Wife did not file a pre-trial memorandum.

The master's hearing took place on November 5, 2013.[1] Husband, Husband's counsel, and Wife appeared at the hearing. Wife's counsel of record failed to show. The master issued his report on March 19, 2014. The report states, in its entirety:

> **I.    MINUTES.**
>
> The Permanent Master's Office was appointed to hear the issue of equitable distribution in this case. An Order Approving the Divorce under Section 3301(d) of the Divorce Code (Irretrievable Breakdown, Two Year Separation of the Parties) was entered on June [4], 2013. The hearing in this matter was held on November 5, 2013, at which time [Husband] appeared. [Wife] also appeared but her attorney of record…did not appear.
>
> The issue to be determined is equitable distribution.
>
> **II.    FINDINGS OF FACT.**
>
> The parties were married on March 12, 1996, and

---

[1] No transcript from the master's hearing appears in the certified record.

separated on December 1, 1996.[2]

Husband is fifty-six years of age and is a part-time pharmacist. Wife is fifty years of age and she is a home health care aide.

The evidence in this case indicates that there are no marital assets subject to equitable distribution. Husband alleged that the parties own a real estate plot at 166 C.17 Lashibi, Nungua, Tema, Accra, Ghana. Husband alleges that this property was fraudulently transferred by Wife into her name only and that Husband never signed any documents giving up his interest in this real estate. However, a judgment was entered on July 23, 2004, by the High Court of Justice, Accra, wherein a judgment was entered and Wife was declared the sole owner of the aforementioned real estate.

Under the circumstances, given that the Court in the jurisdiction where the real estate is located has entered an Order awarding Wife ownership of this property, the Master will make no further finding with regard to this real estate recognizing the Order of that Court. Further, the Master questions whether he has any jurisdiction or authority to make a finding with regard thereto and whether or not such a finding would be pertinent to or binding on the authorities in Tema, Accra.[3]

Attached hereto is a proposed Decree and Order implementing the foregoing recommendation.

Because of Wife's failure to file an Inventory and Appraisement, an Income and Expense Statement and a Pre-Trial Memorandum as required by the Pennsylvania

---

[2] Husband's complaint alleges the parties separated on June 1, 1997, and his pre-trial memorandum states the parties separated in 1997. The record does not support the master's finding that the parties separated in 1996.

[3] In light of Husband's request in his pre-trial memorandum that the master let Wife retain ownership of the Ghana property, it is unclear why the master even considered the Ghana property as part of his report.

state and local rules of Court, the Master has prepared and is submitting a Rule to Show Cause why appropriate sanctions should not be imposed should Wife seek a trial *de novo* in this case.

(Master's Report, filed March 19, 2014, at 1-2). On April 2, 2014, Wife timely filed a request for a trial *de novo*.

On May 5, 2014, Wife's counsel withdrew his appearance. Wife subsequently retained new counsel ("replacement counsel"), who entered her appearance on June 27, 2014. On January 13, 2015, replacement counsel withdrew her appearance and Wife filed a *pro se* entry of appearance that day. On August 12, 2015, the court scheduled the trial *de novo* for August 21, 2015. Additionally, on August 12, 2015, the court entered the master's proposed rule to show cause, directing Wife to show cause why sanctions should not be imposed in the nature of a preclusion order prohibiting her from offering any testimony/evidence at the trial *de novo*, due to Wife's failure to comply with Pa.R.C.P. 1920.33(a) and (b) and Philadelphia Local Rule 1920.51*(f)(3)(vi).

On August 21, 2015, the parties appeared for the trial *de novo*. Husband was represented by counsel and Wife appeared *pro se*. The court indicated it had not read the master's report due to Wife's request for a trial *de novo*; however, the court adopted the master's proffered rule to show cause based on the master's representation that Wife did not submit a pre-trial memorandum and other necessary documents. After reviewing the procedural posture of the case, the parties discussed the rule to show cause.

Wife tried to explain that her counsel of record did not appear at the master's hearing, and she had relied on counsel to file the necessary documents. Despite Wife's protestations, the court seemed to misinterpret Wife's remarks and presumed Wife's counsel had withdrawn his appearance **prior to** the master's hearing. Based on the court's apparent belief that Wife was proceeding without counsel before the master, the court explained that *pro se* litigants are held to the same standards as represented parties, so Wife was bound by the same rules as Husband at the master's hearing. Due to Wife's failure to submit a pre-trial memorandum and other relevant documents, the court precluded Wife from entering any testimony/evidence at the trial *de novo*. Consequently, the court declined to hold a trial *de novo* because Wife would be unable to offer any testimony/evidence in support of her claims. Wife objected to the court's ruling and insisted Husband owed her money for her contributions to his education. The court reiterated its preclusion order and declined to hear Wife's claims. At the conclusion of the proceeding, the court entered a divorce decree. The court issued a further order stating:

> In disposition of the economic claims of the parties, it is further ORDERED as follows:
>
> 1. There are no marital assets subject to equitable distribution.
>
> 2. This Decree and Order resolves all economic issues between the parties.
>
> 3. This Decree and Order does not determine any right

that the parties may have with regard to any real estate located in Accra, Ghana in which they may claim an interest and shall not prejudice any of the legal rights either or both may have with respect thereto in that country.

4. Except as previously provided herein, each party is awarded all other property currently in [his/her] respective name or possession and each party shall be solely responsible for all other indebtedness in [his/her] individual name.

(Decree and Order, filed August 21, 2015, at 1).

Wife timely filed a *pro se* notice of appeal on Monday, September 21, 2015. On October 1, 2015, the court ordered Wife to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Wife timely filed her concise statement *pro se* on October 20, 2015.

Wife raises three issues for our review:

WAS [WIFE] PROPERLY SERVED WITH THE NOTICE TO FILE HER PRE-TRIAL MEMORANDUM PURSUANT TO PHILADELPHIA LOCAL RULE 1920.5(F)[(3)](XII) OR PA.R.C.P. 1920.33(A) AND (B) AND PHILADELPHIA LOCAL RULE 1920.51(F)[(3)](VI)?

IF [WIFE] WAS NOT PROPERLY SERVED WITH THE NOTICE TO FILE HER PRE-TRIAL MEMORANDUM, DID THAT ERROR CREATE REVERSIBLE ERROR SUFFICIENT ENOUGH FOR THE SUPERIOR COURT TO REMAND THIS MATTER?

IF THE COURT DETERMINES THAT [WIFE'S] ATTORNEY, EDWARD OSEI, ESQUIRE WAS PROPERLY SERVED WITH THE NOTICE TO FILE THE PRE-TRIAL MEMORANDUM, AND THE COURT HAVING MADE THE DETERMINATION THAT WITHOUT THE PRE-TRIAL MEMORANDUM [THE COURT] WOULD BAR [WIFE] FROM ANY CLAIMS DURING THE DIVORCE PROCEEDINGS, WOULD IT BE EQUITABLE FOR THE COURT TO UPHOLD THE FINAL JUDGMENT OF DIVORCE INSTEAD OF REMANDING THE MATTER BACK TO

THE TRIAL COURT AND PERMITTING [WIFE] TO FILE HER PRE-TRIAL MEMORANDUM WITHIN 20 DAYS OF THAT ORDER?

(Wife's Brief at 2).

For purposes of disposition, we combine Wife's issues. Wife argues her counsel of record failed to appear at the master's hearing. Wife asserts she received no notice from the court or her counsel that Wife was required to file a pre-trial memorandum and other relevant documents before the master's hearing. Wife maintains she is unaware if her counsel of record received notice of his obligation to file certain documents. In any event, Wife contends it was her attorney's responsibility to file the relevant documents. Wife insists the master and the court unfairly faulted Wife for her attorney's errors. Wife concludes the court erred by precluding her from offering any testimony/evidence at the trial *de novo*, and this Court must remand to give Wife an opportunity to file the relevant documents and for further proceedings on Wife's claims. For the following reasons, we agree relief is due.

At the time of the master's hearing in this case, Pennsylvania Rule of Civil Procedure 1920.33 provided, in pertinent part:

**Rule 1920.33.    Joinder of Related Claims. Distribution of Property.  Enforcement**

(a)    Within ninety days after service of a pleading or petition containing a claim for determination and distribution of property under Section 3502 of the Divorce Code, each party shall file an inventory specifically describing all property owned or possessed at the time the

action was commenced. The inventory shall set forth as of the date of the filing of the complaint:

(1)    a specific description of all marital property in which either or both have a legal or equitable interest individually or with any other person and the name of such other person; and

(2)    a specific description of all property in which a spouse has a legal or equitable interest which is claimed to be excluded from marital property and the basis for such exclusion.

*Note*: Subdivision (c) of this rule provides sanctions for failure to file an inventory as required by this subdivision. An inventory filed within the ninety day period may be incomplete where the party filing it does not know of all of the property involved in the claim for equitable distribution. Consequently, the rule does not contemplate that a party be precluded from presenting testimony or offering evidence as to property omitted from the inventory. The omission may be supplied by the pre-trial statement required by subdivision (b).

(b)    Within the time required by order of court or written directive of the master or, if none, at least sixty days before the scheduled hearing on the claim for the determination and distribution of property, each party shall file and serve upon the other party a pre-trial statement. The pre-trial statement shall include the following matters, together with any additional information required by special order of the court:

\*    \*    \*

(c)    If a party fails to file either an inventory as required by subdivision (a) or a pre-trial statement as required by subdivision (b), the court may make an appropriate order under Rule 4019(c) governing sanctions.

(d)(1) A party who fails to comply with a requirement of subdivision (b) of this rule shall, **except upon good cause shown**, be barred from offering any testimony or introducing any evidence in support of or in opposition to

- 10 -

claims for the matters not covered therein.

(d)(2) A party shall, except upon good cause shown, be barred from offering any testimony or introducing any evidence that is inconsistent with or which goes beyond the fair scope of the information set forth in the pre-trial statement.

\* \* \*

Pa.R.C.P. 1920.33(a)-(d) (as amended November 8, 2006; effective February 6, 2007) (emphasis added).[4]

Additionally, the version of Philadelphia Local Rule 1920.51 in effect at the time of the master's hearing provided, in pertinent part:

**Rule 1920.51. Hearing by the Court. Appointment of Master. Notice of Hearing**

\* \* \*

(f)(3) *Procedure on Economic Issues*

\* \* \*

(vi) At least ten (10) days prior to the scheduled hearing before the Permanent Master, each party shall file a mandatory Memorandum which shall set forth the following:

(A) any item of property in dispute, either as to its status as marital property or value, or both, together with the party's allegations;

(B) a proposed plan for distribution;

(C) a brief discussion of how the proposed plan

---

[4] Rule 1920.33 was amended again on May 6, 2015, effective July 1, 2015. The current version of the Rule is substantially similar to the prior version.

was formulated, relating it to each of the factors enumerated in the Divorce Code;

(D)  any issue of law that will have a substantial effect on the proposed distribution and authorities relied on by the party;

(E)  copies of all exhibits, appraisals, and evaluations intended to be offered into evidence; including but not limited to, copies of all appraisals (real estate and personal property), pension evaluations, financial statements, mortgage balances, medical reports and income tax returns.  All such documents shall reflect current information as to the assets and liabilities of the parties.

* * *

(xii)  Any **willful violation** of this Rule including a failure to comply with filing requirements, failing to provide the required pretrial memorandum, not providing all parties or counsel copies of documentary evidence to be introduced at the hearing before the Master, or not attending a hearing, shall be grounds for contempt of [c]ourt and imposition of sanctions.  The Permanent Master is empowered to recommend that anyone not complying with this Rule be cited for contempt of [c]ourt.

Phila.L.R.C.P. 1920.51(f)(vi), (xii) (adopted October 14, 2005, effective 30 days after publication in the Pennsylvania Bulletin) (emphasis added).[5]

Significantly, "the rules were intended to provide an even playing field for

---

[5] A new version of Philadelphia Local Rule 1920.51 was adopted on May 23, 2014, effective 30 days after publication in the Pennsylvania Bulletin.  The current version of the Rule contains language substantially similar to the prior version, at subsection (c)(6) and (c)(11).

both parties in the marital and economic dissolution of the marriage." ***Anderson v. Anderson***, 822 A.2d 824, 829 (Pa.Super. 2003).

Instantly, Wife's original counsel (Attorney Osei) entered his appearance on November 28, 2011. Wife filed an answer and counterclaim to the divorce complaint that day. In her counterclaim, Wife sought a divorce on fault grounds, equitable distribution, and alimony *pendente lite*/spousal support. On or about April 5, 2013, Husband filed notice of intent to file a *praecipe* to transmit the record for approval of divorce grounds under Section 3301(d). Wife did not respond, so the court approved grounds for divorce under Section 3301(d) on June 4, 2013. On June 24, 2013, Husband filed a certification for a hearing before a divorce master. Husband alleged the only issue for resolution was equitable distribution; and he attached an inventory, stating no marital property existed.

On July 12, 2013, the court issued Notice to counsel for both parties. The Notice stated a master's hearing would take place at 9:00 a.m. on November 5, 2013. The Notice expressly informed **counsel** for each party that he must file a pre-trial memorandum at least ten days prior to the master's hearing, accompanied by copies of all documents relating to issues in the case. (**See** Notice at 1.) Significantly, the Notice is addressed **only** to counsel for the parties. Husband filed his pre-trial memorandum on October 31, 2013 (less than ten days before the master's hearing). Wife did

not file a pre-trial memorandum.

The master's hearing took place on November 5, 2013. Husband, Husband's counsel, and Wife appeared. Wife's counsel of record failed to show. The master issued a report on March 19, 2014, specifically acknowledging that Wife's counsel of record had failed to appear at the hearing. Notwithstanding Wife's claim for alimony *pendente lite*/spousal support, the report stated the only matter for resolution at the hearing was equitable distribution. The master concluded the parties had no marital assets subject to equitable distribution. Additionally, based on Wife's failure to file an inventory and appraisement, an income and expense statement, and a pre-trial memorandum, the master drafted a rule to show cause why appropriate sanctions should not be imposed, in the event Wife sought a trial *de novo*. (**See** Master's Report at 1-2.) On April 2, 2014, Wife timely filed a request for a trial *de novo*.

On May 5, 2014, Wife's counsel withdrew his appearance. Wife subsequently retained replacement counsel, who entered her appearance on June 27, 2014. On January 13, 2015, replacement counsel withdrew her appearance and Wife filed a *pro se* entry of appearance that day. Replacement counsel filed no documents on Wife's behalf during her representation of Wife. On August 12, 2015, the court scheduled the trial *de novo* for August 21, 2015. Additionally, on August 12, 2015, the court entered the master's proposed rule to show cause, directing Wife to show

cause why sanctions should not be imposed in the nature of a preclusion order prohibiting her from offering any testimony/evidence at the trial *de novo*.

On August 21, 2015, the parties appeared for the trial *de novo*. Husband was represented by counsel and Wife appeared *pro se*. The court indicated it had not read the master's report due to Wife's request for a trial *de novo*; however, the court adopted the master's proffered rule to show cause based on the master's representation that Wife had not filed a pre-trial memorandum and other necessary documents. While discussing the rule to show cause, the court had the following exchange with Wife:

> THE COURT: But you didn't follow the rules. **If you represented yourself, if your attorney had already withdrawn his appearance**, you are bound by the same rules that [Husband] is bound by, and…you didn't follow them.
>
> [WIFE]: Your Honor—
>
> THE COURT: So, I am allowed to enter sanctions—that means a prohibition, under the rules—that you may not introduce any facts now.
>
> [WIFE]: Your Honor, can I say something?
>
> THE COURT: Certainly.
>
> [WIFE]: Okay. I received a letter. I have to come for the master hearing. I came. The lawyer wasn't there. My lawyer wasn't there.
>
> THE COURT: So, you—
>
> [WIFE]: They called—

THE COURT: —withdrew. Wait.

[WIFE]: —they called me in—

THE COURT: Hang on. Wait, please. **The lawyer that you had at the time withdrew the appearance?** [Attorney] Osei?

[WIFE]: Yes, Your Honor.

THE COURT: [Attorney] Osei, okay. On November 28th, 2011, at 9:42 a.m.?[6]

[WIFE]: Yes.

THE COURT: 9 o-clock—20 minutes of 10, in November. **And you didn't have a master's hearing until 2013, when a certification for master was requested, and the master's report was filed on March 19, 2014.**

**You had three years to either do it yourself or to have your attorney do it. You did not do it.**

[WIFE]: Your Honor, I came. That's what I'm saying; I came.

THE COURT: Well, you're here today, but you still didn't file anything.

[WIFE]: Because my—the lawyer wasn't there. So, I don't know anything. I don't know anything. So, I asked for—to [postpone]—[adjournment]. I asked if—

THE COURT: You can't.

[WIFE]: —they give [adjournment]—

THE COURT: We don't do that. Our rules say the recent entry of an appearance by an attorney is not grounds to

---

[6] Wife's counsel entered his appearance on November 28, 2011. The court seemed to believe counsel withdrew his appearance on that date.

have a continuance. **Second, you knew that your attorney withdrew because you didn't object to it, and it's on the record, and then you got another attorney later. But that attorney withdrew.**

[WIFE]:     Your Honor, I live—

THE COURT:   This is not a criminal court where we have, under ***Gideon v. Wainwright***—a case that allows us to [appoint] an attorney. We have no money.

[WIFE]:     —I live in New Jersey. The lawyer live—I live in New York. The lawyer lives in New Jersey. So, I came; he wasn't there. So, I don't know what to say or what to do, because I don't—

THE COURT:   I enter sanctions that you are—

[WIFE]:     —want to—so, I asked for—

THE COURT:   —precluded from entering—

[WIFE]:     —I—

THE COURT:   —enter sanctions against you and I preclude you from entering any testimony contrary to that of—I don't want to make a mess of the names again—[Husband.]

* * *

[WIFE]:     Your Honor, as you can see, on the master's hearing, I didn't have an opportunity to defend myself—

THE COURT:   You did. You did.

[WIFE]:     —and say something.

THE COURT:   You were at the master's hearing.

[WIFE]:     Yes, I was there.

THE COURT:   You had the opportunity, but you didn't follow the rules. …

- 17 -

\* \* \*

THE COURT: Well, this is the law. You had the opportunity to defend and you did not. You were there.

[WIFE]: Yes, Your—

THE COURT: You presented—

[WIFE]: —Honor, I was there.

THE COURT: —nothing.

[WIFE]: The lawyer wasn't there. That's what—I have a lawyer. He—

THE COURT: It's not my fault.

[WIFE]: —wasn't there, Your Honor.

THE COURT: **The lawyer had withdrawn previously. You went, as you—do you have a lawyer today?**

[WIFE]: I don't have a lawyer today.

THE COURT: Why?

[WIFE]: Because I couldn't afford it. I couldn't afford the lawyer.

THE COURT: I'm very sorry, but you're before a judge for justice. The justice of the United States is the same as the justice in Africa. If you violate the law, which you did, you don't get special credit. You don't get special handling.

\* \* \*

THE COURT: [Wife] appeared, said nothing, filed nothing, had no—**had an attorney who could have filed, but withdrew appearance**. Did—

[WIFE]: Your Honor—

- 18 -

THE COURT:  —you pay your attorney?

[WIFE]:  —yes.  **He came later, then he was— leave.  He came later.  He came to the court later, after—they called me.  It didn't take long time and— long.  In fact, I wasn't—it wasn't fair, you know?  He came later.**

\* \* \*

THE COURT:  Okay.  I'm trying to tell you we gave you every opportunity almost four years ago, May of 2011.  This is August of 2015.  You and your attorneys have failed to follow the rules.  I grant a divorce decree today.  You are precluded from entering any evidence.

If you so desire, I could hold a hearing.  But if I held a hearing, the only one that would testify would be your former husband, because you're precluded from giving me any evidence, according to the Pennsylvania Rules of Civil Procedure, and the local rules, which I cited here.

Do you understand that?  Divorce decree entered as of today. …

\* \* \*

[WIFE]:  Your Honor, but he owe me.  That's what I'm saying.  He owe me money.

THE COURT:  He doesn't—you didn't produce any evidence.  The hearing is over.  The parties are divorced. …

[WIFE]:  Your Honor, I contribute in his education.  It's not fair.  I contribute in his education.

THE COURT:  The hearing is—

[WIFE]:  He owe me.

THE COURT:  —over, ended, finished.

[WIFE]:  He owe me.

> THE COURT: —did not—
>
> [WIFE]: He owe me. He owe me. He took—he took all—every—every—
>
> THE COURT: The [c]ourt finds—
>
> [WIFE]: —every money.
>
> THE COURT: —that [W]ife failed to appear, failed to produce any evidence, was not represented. …

(Trial *De Novo*, August 21, 2015 at 11-23) (emphasis added).

The court's exchange with Wife at the trial *de novo* strongly suggests the court mistakenly believed Wife's counsel had already withdrawn his appearance prior to the master's hearing. Wife tried to tell the court she was represented by counsel at the time of the master's hearing and that counsel eventually showed up after the hearing had ended, but the court apparently did not understand Wife's position. Although the master's report acknowledged that Wife's counsel of record failed to appear at the hearing, the court stated it did not review the master's report (except for the rule to show cause), based on Wife's request for a trial *de novo*. Additionally, Husband's counsel, who knew or should have known Wife was represented by counsel of record at the master's hearing, did nothing to aid the court's confusion. Ultimately, the court precluded Wife from entering any testimony/evidence at the trial *de novo* based on her failure to comply with the relevant rules of civil procedure. Wife objected to the court's ruling and insisted Husband owed her money for her contributions to his education.

The court reiterated its preclusion order and declined to hear Wife's claims. At the conclusion of the proceeding, the court entered a divorce decree and order indicating that all economic issues between the parties were resolved.

Under these circumstances, we cannot agree with the court's actions. Initially, the court did not send the July 12, 2013 Notice to Wife. The court sent the Notice to only Wife's counsel. Wife claims she had no knowledge about the Notice and nothing in the record contradicts Wife's contention. Further, because Wife was represented by counsel at the master's hearing, she reasonably relied on her attorney to file the necessary documents and expected him to appear at the hearing on time. As the master's hearing is not included in the certified record, we are unable to discern whether the master inquired about the whereabouts of Wife's counsel. We are similarly unable to review Wife's purported request for a continuance. In light of the errors by Wife's original counsel (Attorney Osei) in this case, the limited record, and the court's apparent confusion at the trial *de novo*, the record does not support the court's preclusion order as a sanction. **See** Pa.R.C.P. 1920.33(d)(1); Phila.L.R.C.P. 1920.51(f)(xii). **See also Anderson, supra**.

Given the purpose of the rules is to provide an even playing field for both parties, the best resolution in this case is to vacate the court's preclusion order and remand for a new master's hearing and an opportunity for Wife to comply with the relevant rules of civil procedure within a reasonable time to be determined by the court. **See generally Deussing**

***v. Deussing***, 307 A.2d 382 (Pa.Super. 1973) (remanding for new master's hearing to give wife opportunity to present her claims against husband's divorce complaint; wife's counsel failed to inform wife about date scheduled for master's hearing due to counsel's misplacement of file and preoccupation with personal concerns; after wife and her counsel failed to appear at scheduled master's hearing, court entered divorce decree on grounds alleged by husband; given special interest which state has in divorce matters, courts should be even more solicitous to opening divorce decrees in interest of having full disclosure of facts concerning alleged marital difficulties; this is especially true in instant case where wife has been precluded from presenting her defense due to counsel's error and husband has not been prejudiced). Because Wife does not contest the entry of divorce, we affirm the divorce decree. Our remand is limited to resolving the claims for equitable distribution and alimony/spousal support raised in Wife's counterclaim to the divorce complaint. If Wife chooses to proceed *pro se* upon remand, she does so at her own peril. If Wife retains new counsel, the court shall send all relevant notices to both Wife and her counsel. Accordingly, we affirm the divorce decree, vacate the preclusion order, and remand for further proceedings consistent with this memorandum.

Decree affirmed; order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judge Lazarus joins this memorandum.
Judge Platt concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/21/2016